## Case No. 5,838.

### GRISWOLD v. MAXWELL.

[3 Blatchf. 145.][1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—DUTIABLE VALUE.

1. Where silks were shipped from China to New York by the way of London: *Held*, that the value of the silks in the country of production, with the expenses of charges, commissions, &c., which accrued prior to their being put on shipboard at the place of exportation, constituted their dutiable value, and that the expense and freight of conveying the silks from China to London, formed no part of such value.

2. The case of Grinnell v. Lawrence [Case No. 5,831], cited and approved.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This action was brought against [Hugh Maxwell] the collector of the port of New York, to recover back duties charged on the freight of a cargo of silks from China to London. The invoice was made up at Shanghae, October 4th, 1850, of silks shipped on board the Peninsular and Oriental Company's steamer, bound for Hong Kong, there to be transshipped by the Peninsular and Oriental Company's steamer to Southampton, thence to New York, consigned to the plaintiff [George Griswold, Jr.]. The freight and expenses to England, $632 12, were added to the invoice, and 30 per cent. duty was charged by the defendant on the value of the goods, and also on the amount of the freight and expenses. The plaintiff paid the whole duty under a protest, in due form, against that imposed on the freight and expenses of shipping the goods to England.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The goods in this case were shipped from China to the United States. The value of the silks in the country of their production, with the expenses of charges, commissions, &c., which accrued prior to their being put on shipboard at the place of exportation, constituted the dutiable basis. The cost of posterior conveyance or transshipment does not enter into the dutiable value of the goods; and it makes no difference if they were subjected to portage across the Isthmus of Suez. The voyage and transportation were continuous, from the port of shipment to the port of destination, and the expense incurred in conveying the cargo to England, is no more a dutiable charge, than is freight from London to the United States. We consider the case to be embraced within the decision in Grinnell v. Lawrence [supra]. Judgment for the plaintiff, the amount to be adjusted at the custom-house.