CLAIR E. ANDERSON, PLAINTIFF-APPELLEE, v. WALKER REALTY COMPANY, DEFENDANT-APPELLANT.

Submitted March 22, 1923—Decided June 5, 1923.

Tenants—Rights of—Constructive Eviction on Account of Lack of Heat—Distress—Alleged Error—Plaintiff's Judgment in Replevin Affirmed.

On defendant's appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *C. Herbert Walker.*

PER CURIAM.

Appellee, plaintiff below, was a tenant in an apartment house of the appellant in December, 1922, and deeming himself to have been constructively evicted from his tenancy because of a lack of steam heat during that month, removed on the 22d to other quarters. The landlord distrained in January for January rent due (if at all) in advance, but without

impounding the chattels; the tenant brought this suit in replevin, and had a judgment for possession of the goods.

The first specification of error is merely the general one, that the trial judge erred in giving judgment of possession, and needs no discussion. We have difficulty in understanding the argument under this point. It is said that "the trial judge erred in holding that defendant had constructively taken all the goods of the plaintiff." As the distress warrant is not before us, we cannot say what goods were taken. The brief also says, "the plaintiff had an adequate remedy at law for the wrongful distress if made by defendant." This is true, and one remedy is by replevin, and it was pursued in this case. 34 *Cyc.* 1353, especially note 3; 3 *Bl.* 145; *Metropolitan Credit Co.* v. *Anderson*, 118 *Atl. Rep.* 581.

The second specification relates to the exclusion of testimony by Frisbie about the heat conditions in his apartment over plaintiff's. The court consistently and properly declined to go into the outside issues of heat conditions in other apartments, and overruled several similar offers by plaintiff. There was no error in excluding this testimony. At best it was discretionary with the trial court.

The third specification, that there was "no testimony that plaintiff's health was injured by lack of heat," points to no judicial action.

The fourth, and last, is that "the court erred in finding that there had been a constructive eviction as a matter of law." Such a finding would seem to be a mixed finding of law and fact; but apart from this, we are in no position to determine whether the court erred in this regard, because appellant has not printed the important documentary evidence in the case, viz., the lease, and the language of that paper may well support fully the finding of the trial judge. Error must be shown, as every intendment is in favor of the correctness of the judgment below. None being shown, the judgment is affirmed.